USDC SCAN INDEX SHEET






KENNEDY

PARAMOUNT PICTURES

JRL
3:95-CV-01954
*38*
*P/A.*

Original

FILED
JAN 17 1997
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

SAMANTHA KENNEDY
P.O. BOX 90267
SAN DIEGO, CALIFORNIA
           92169
(619) 272-8971

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA KENNEDY ) | CASE NO. 95-1954-K |
| ) | MEMORANDUM OF POINTS AND |
| Plaintiff ) | AUTHORITIES IN OPPOSITION |
| ) | TO DEFENDANTS' MOTION FOR |
| V. ) | SUMMARY JUDGMENT |
| ) | |
| PARAMOUNT PICTURES CORP. ) | Date: February 3, 1997 |
| VIACOM INC. AND BLOCK _ ) | Time: 10:30 a.m. |
| BUSTER VIDEOS, INC. ) | Ctrm: 16 |
| ) | |
| Defendants ) | |

38

original

1   In 1991 wrote a synopsis and a screenplay and
in 1993 of January, I wrote my novel, they were fact and fitional
scripts and fictional expressions. They were copyrighted by 5/93.

2   In 1994 I took my son, Micah Urich to see the movie

3   Forrest Gump and I could not believe my eyes, the defendants

4   had used my scripts to make their movie.  I tried to

5   find attorneys, but, I did not have the money to pay

6   them and I was told that the defendants would bankrupt

7   them.  For months I tried, but, I did not have the money

8   so in about the summer of 1995 I started filing my case.

9   I did not have to file fees because the court determined

10  I was too poor.  Even though I have been honored for

11  my writing, I have no money, I am poor.

12       I have valid copyrights of my scripts and even the

13  copies of the registered mail that I sent the scripts by.

14  See EXHIBIT F attached to my declaration. See page 26and 27

15  of my declaration.  I had my copyright before the defendants did.

16  See Eric Roth's declaration where he states that his script

17  was finalized in August of 1993 even though I have never

18  seen a copyright registration and the movie says copyrighted

19  1994.  In the Eric Roth script that the defendants gave to

20  me it indicates that there were revisions made through

21  December of 1993.  See EXHIBIT K   ATTACHED to my declaration

22  of Eric Roth's screenplay.  My last script was finished

23  in January of 1993 amost a year before Roth's last revision.

24  Then it was mailed to the Scott Meredith Agency in February

25  of 1993.  A work is created at the time it is written and

26  my last script was finished in January of 1993.

27       The motion picture Forrest Gump is a lot different

28  from the book written by Winston Groom.  See examples from
this book on pages 5 through 17 of my declaration.

2

Original

Even Winston Groom states in a newspaper article the defendants had done things differently than his book. See <u>EXHIBIT D</u> attached to my declaration and see page 4 of my sworn declaration.

I had mailed my last script in May of 1993 by registered mail and therefore it was registered by The Library of Congress in May of 1993. See <u>EXHIBIT F</u> attached to my declaration.

Case: <u>Secure Services Technology, Incorporated v. Time and Space Processing, Incorporated.</u> REGISTRATION OF COPYRIGHT

The first two scripts were copyrighted in 1991 and the third was finished in Jan. of 1993 and registered in May of 1993 before Eric Roth's last revision in December of 1993.

It is clear that the defendants had access and they must have seen my scripts because there are too many similarities. See examples in my declaration on pages 30 through 70 of my declaration and see the additional hundreds of similarities attached to my declaration that I provided for the defendants. Defendants have tried to hide their infringement by reversing scenes, changing sexes, but, when you look through all of that it is the same story, the same characters, they even take my description of costumes, the style of a house, map, and poetry that I wove into the scripts to detect later if someone steals it. My poetry and the way I express can be found in Eric Roth's screenplay. See <u>EXHIBIT I</u> attached to my declaration and see pages 65 through 68 of those poetic expressions in my book and where they can be found in Eric Roth's.

3

Original

1  I also submitted letters and scripts to agents and
2  producers who have worked with the defendants.  One being
3  C.A.A. who packaged Forrest Gump and The Scott Meredith
4  Agency who has had the defendant Paramount pictures for
5  a client and who Scott Meredith invented the book auction
6  by distributing several copies to several publishers and
7  movie studios. At the same time. See EXHIBIT E attached to my declaration
8  to show access of these people.  And see pages 21 through 25
9  of my declaration.
10 See case: <u>Louis Gaste and Les Editions Louis Gaste v.</u>
11 <u>Morris Kaiserman a.k.a. Morris Albert, and Fermata</u>
12 <u>International Melodies, Inc.</u> of infringement-copying-access.
13 dated Dec. 1, 1988, U.S. Court of Appeals for 2nd Circuit The jury found that the defendants had access through third
14 parties to the plaintiff's copyrighted song prior to the
15 publication of their own work.
16 see case:  Michael Sylvestre and Douglas Richwine p.k.a
17 Attica and Madhouse Management v. John Patrick Oswald p.k.a.
18 Jani Lane, Joey Cagle p.k.a Joey Allen, Jerry Dixon, Eric
19 Turner, Steven Chamberlain p.k.a. Steven Sweet, collectively
20 p.k.a. Warrant, Virgin Songs, Inc., Dick Dragon Music,
21 Likite Split Music, Crab Sa(a)d Music, Rich McBitch Music,
22 Great Lips Music, and CBS Records, Inc.  (In the United States
23 District Court for the Southern District of New York. no 91
24 Civ. 5060 (JSM). Memorandum Opinion and Order dated May 18,
25 1993.  REGISTRATION OF COPYRIGHT and INFRINGEMENT-ACCESS-
26 STRIKING SIMILARITY- The defendants' motion for summary
27 judgement was denied because a reasonable juror could find from experts' testimony and the works themselves thatthe two
28 works were substantially similar.

4

Original

see case: Brooktree Corporation, plaintiff/cross-appellant v. Advanced Micro Devices, Inc., defendant/appellant.

In the United States Court of Appeals for the Federal Circuit. Nos. 91-1258, 91-1259. Opinion dated Oct. 19, 1992. On appeal from the U.S. District Court for the Southern District of Ca., Enright, District Judge. Affirmed.

SEMICONDUCTOR CHIP PROTECTION-REVERSE ENGINEERING-SUB_STANTIAL SIMILARITY.

In the case of Lous Gaste and Les Editions Louis Gaste v Morris Kaiserman a.k.a. Morris Albert, and Fermata Int. Melodies, Inc. The jury could reasonably conclude that the defendants had access to the work through their publisher, to whom a copy of the plaintiff's work was allegedly provided at an earlier date. and it was proper to permit a jury to find copying of the plaintiff's song on the basis of striking similarity without proof of access because the similarities between the two works were substantial and copying could be inferred without a strict showing of access. (The U.S. Court of Appeals for the second circuit. Nos. 88-7367 and 88-7369. Opinion dated Dec. 1, 1988. Appeal from the U.S. District Court for the Southern District of New York.

see case for costumes- National Theme Productions, inc. etc., et al. v. Jerry B. Beck, inc. etc. et al. U.s. District Court for the Southern District of California, No. 87-0499-GT(M) Dated Aug. 28, 1988. 696 F. Supp. 1348

see case for Infringement -substantial similarity-look and feel (bear character) Recycled paper Products, Inc. and Sandra Boynton v. Pat Fashions Industries, Inc. Starlight Trading Co., and Evian Ltd., Inc. In the United States District Court for the Southern District of New York. No. 90civ 0804(DNE) Dated March 2, 1990

    There is substantial similarity between my characters, their events and the historical events compared to the movie Forrest Gump. See examples in my declaration and hundreds

original

1  of similarities attached to my declaration.  It is clear
2  that defendants had access because of these substantial
3  similarities, they try to hide their infringement by
4  changing sexes, reversing scenes and shuffling the scenes
5  like a deck of cards.  See EXHIBIT G attached to my
6  declaration where defendants use a software where they
7  can type in a script and shuffle the scenes like a deck
8  of cards.  There are too many similarities and defendants
9  even use my poetic expression that I wove into my scripts
10 from a previously published poem that was written in 1983
11 and published later and then recorded in a poetry album.
12 They use my historical events and famous characters.  See
13 page 69 and 70 of my declaration.  see case about "Historical
14 nonfiction, Jay Robert Nash v. CBS, Inc., MCA Television,
   Universal City Studios, William Whitehead, Harry Butler,
15 Logan Clarke, Bill Dial, Richard Chapman, George Geiger, and
   Michael Piller.  In the U.S. District Court for the Northern
16 District of Illinois, Eastern Division. No. 86 C 0511.
   Memorandum opinion dated July 25, 1988.
17 The scripts were widely disseminated.  And there are substantial
18 similarity and I have a valid copyright before the 1994
19 movie Forrest Gump.  I have yet to see a copyright registration
20 from the defendants.  I have protectable expressions that
21 I have given in my declaration and additional ones in
22 the hundreds of similarities attached to my declaration.
23 The characters are the same, their sequence of events are the
24 same, the setting is the same and the defendants used a
25 software to shuffle the scenes and reverse the scenes to hide
26 their infringement.  And the movie based on the Winston Groom
27 is substantial different from the movie Forrest Gump and
28 all was taken from my scripts to make their movie.  They had
   to use someone else's work in today's politically correct society.

6

Original

Defendants must have seen my scripts because there are too many similarities and protected expression that the Defendants have used that are in my declaration and additional of hundreds of similarities that is attached to this declaration that I provided to the Defendants. C.A.A. who packaged and negoiated Forrest Gump knew about my scripts so did the Scott Meredith Agency whom both have worked with Paramount Pictures. Even Winston Groom himself says in a newspaper interview that the defendants did things differently than his book. Defendants use my historical events and famous people in their movie. My copyright was before theirs and I sent my scripts by registered mail, before their 1994 movie. Defendants use my poetry that I wove into my scripts to detect later if they might be stolen and my expressions are in the Eric Roth screenplay. There is substantial similarity between the movie and my copyrighted work. I write about the children and in the book by Winston Groom he doesn't go into writing extensively about Forrest's and Jenny's childhood. Jenny never marries Forrest and she never dies and mama never dies, they took that from my scripts. Look to my declaration for copyrightable expression and similarities and access and a valid copyright. Defendants even keep me from expressing my freedom of religion through my writing by using that and putting it into their movie.
It is my constitutional right to express my spiritual freedom through my writing and they took that out of my scripts and put it into their movie and script. Defendants use letters, military records and private F.B.I. files that I copyrighted into my scripts.

7

original

I pray that the courts will deny the Defendants' Motion for Summary Judgement. I pray that the courts will let this case continue and I pray that the courts will be easier on me since I am doing all of this by myself. I am talking to an attorney who thinks my case is a good case. I pray that the courts will see that there is substantial similarity, protected expressions and that the defendants must have had access because they took too much. I pray that the Court will not dismiss this case with prejudice. I pray that on this date February 3, 1997 the date of my birth, that the courts will let this case go on to trial.

dated  1-17-97

By *Samantha Kennedy*
attorney for Plaintiff

8