USDC SCAN INDEX SHEET











KENNEDY


PARAMOUNT PICTURES


JRB    5/15/97    10:47
3:95-CV-01954
*56*
*O.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA KENNEDY,<br><br>         Plaintiff,<br>vs.<br><br>PARAMOUNT PICTURES CORP.,<br>VIACOM INC. AND BLOCKBUSTER<br>VIDEOS, INC.,<br><br>         Defendants. | CASE NO. 95-CV-1954-K<br><br>ORDER DENYING DEFENDANTS'<br>MOTION FOR ATTORNEYS FEES<br>AND COSTS |

  Defendants Paramount Pictures Corporation, Viacom Inc., and Blockbuster Videos, Inc. collectively move for an award of attorneys' fees and costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Plaintiff opposes. Defendants are represented by counsel. Plaintiff is proceeding <u>pro se</u>.

I. **Procedural Background**

  On September 12, 1995, Plaintiff filed her complaint alleging that Defendants' infringed one or more of her copyrights. More specifically, Plaintiff alleged that Defendants misappropriated three of her copyrighted works in the creating, editing, and distribution of the movie <u>Forrest Gump</u>.

  On February 3, 1997, Defendants were granted summary judgment on Plaintiff's copyright infringement claim. The court hereby incorporates that ruling by reference. In that ruling, the court detailed the reasons why Plaintiff had failed to raise any genuine issues of material fact as to her copyright

1  claim. Specifically, Plaintiff's claim was denied for (1) failure to show that Defendants had any means
2  of meaningful access to her works, and (2) for failure to show substantial similarity between her works
3  and Defendant's works. (See 2/3/96 Tr. 133-134).

## II. Legal Standard

Under F.R.C.P. Rule 54(d), a district court has broad discretion to grant attorneys' fees or costs to the prevailing party. Davis v. Mason County, 927 F. 2d 1473 (9th Cir. 1991). The Ninth Circuit Court of Appeals reviews the district court's decision for abuse of discretion only. National Information Services Inc. v. TRW, Inc., 51 F. 3d 1470 (9th Cir. 1995).

In federal copyright cases, prevailing parties may be entitled to costs under 17 U.S.C. § 505. That section provides that costs and attorneys' fees may be awarded to the prevailing party in certain copyright actions. It provides

> In any civil action under this title, the court in its discretion may allow the full recovery of costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorneys' fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The Supreme Court has held that "prevailing plaintiffs and prevailing defendants are to be treated alike" for purposes of Section 505. Fogerty v. Fantasy, Inc., 114 S. Ct. 1023, 1033 (1994). In assessing a request for costs, a district court should consider the degree of success obtained, frivolousness, motivation for the claim, objective reasonableness and the need to advance considerations of compensation and deterrence. Id. at 1033, n. 19. see also Smith v. Jackson, 84 F. 3d 1213 (9th Cir. 1996).

## III. Discussion

In her complaint, Plaintiff raises 332 alleged similarities between her works and Defendants' screenplay and movie Forrest Gump. At the summary judgment hearing, this court found Plaintiff had, at most, "identified random minor similarities between her work and Forrest Gump." (2/3/97 Tr. 29-30).

Applying the Fogerty factors to this case, the court finds that Defendants are not entitled to an award of costs at this time. As is clear from the summary judgment ruling, Plaintiff obtained no degree of success on her copyright claim. However, the court does not find that Plaintiff's claim was necessarily

frivolous or brought in bad faith. Giving Plaintiff the benefit of the doubt, the court finds that possibly Plaintiff did not understand copyright law, and hence she filed in good faith an action that was without legal merit. It is for that reason that the court tried, in its order, to firmly explain to Plaintiff that <u>scenes a faire</u>, which is all she alleged, are not protected by copyright laws.

The court emphasizes, however, that Plaintiff's good faith, standing alone, will not be enough to protect her from <u>future</u> assessments of costs in this or other copyright cases. A copyright claim must not only be brought in good faith but must also have the underlying facts to support it. More specifically, Plaintiff must show that Defendants had both access to her copyrighted works and that there was substantial similarity between her work and Defendants' work. <u>Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.</u>, 562 F. 2d 1157, 1162 (9th Cir. 1977).

In her moving papers, Plaintiff attempts to point to common words, phrases, and ideas to uphold the basis of her copyright claim. To the extent that the passages identified by Plaintiff actually reflect any similarity between her works and <u>Forrest Gump</u>, they are not within the scope of copyright protection. Rather, the minor similarities consist of unprotectable words and phrases also known as <u>scenes a faire.</u> Copyright protection is not given to <u>scenes a faire</u> -- situations and phrases which flow naturally from a basic plot premise. <u>Olson v. NBC Inc.</u>, 855 F.2d 1446, 1450 (9th Cir. 1988). Moreover, Plaintiff's allegations of similar actions or expressions, e.g., characters "swinging in a porch" (P's item no. 6), the phrase "time for dinner" (P's item no. 11), or characters sitting next to each other (P's item no. 22), are equally unprotectable <u>scenes a faire</u>.

The modern literary world is full of poets and authors who consistently refer to the same ideas or phrases in developing their individually written prose. Without such freedom, the world of literature would come to a virtual standstill for fear of infringing upon other people's works. It is well-settled that mere commonalities of ideas or themes between two works is legally insufficient to sustain a copyright infringement claim. <u>Olson</u>, 855 F. 2d at 1449-1450.

IV. **Conclusion**

The Court denies Defendants' request for costs and attorneys' fees. The court admonishes Plaintiff that the law requires much more than Plaintiff's earnest belief in the validity of her cause of action to uphold a copyright infringement claim.

**THIS ORDER SHALL ACT AS AN UNEQUIVOCAL WARNING TO PLAINTIFF.**

Should Plaintiff choose to pursue any copyright claims against these or other Defendants in the future, and if Plaintiff does not prevail on such claims, **PLAINTIFF BEARS THE RISK OF HAVING TO PAY COSTS AND ATTORNEYS' FEES TO THE OPPOSING PARTY** pursuant to F.R.C.P. Rule 54(d) and 17 U.S.C. § 505. As stated, those sections provide that costs and attorneys' fees may be awarded to the prevailing party under appropriate circumstances. Plaintiff is warned that the court denied Defendants' request today because of Plaintiff's apparent good faith. However, Plaintiff has (1) had the law of copyright explained to her, (2) been advised of the doctrine of scenes a faire and (3) been warned that good faith, standing alone, is not enough to sustain a copyright infringement claim.

**IT IS SO ORDERED.**

5/12/97
Date

Chief Judge Judith N. Keep
United States District Court
Southern District of California

cc: all parties